IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ITEM INDUSTRIETECHNIK GMBH, | ) | Case No. _____ |
| | ) | |
| and | ) | Hon. Judge _____ |
| | ) | |
| ITEM AMERICA LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MB KIT SYSTEMS, INC., | ) | |
| d/b/a ITEM NORTH AMERICA | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MB KIT SYSTEMS, LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **VERIFIED COMPLAINT**

Plaintiffs, item Industrietechnik GmbH ("Item GmbH") and item America LLC ("Item America") (collectively referred to as "Item"), by and through their undersigned counsel, file this Verified Complaint against MB Kit Systems, Inc., and MB Kit Systems, Ltd. (collectively referred to as "MB Kit" or "Defendants"), for infringement of Item GmbH's federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition, false designation of origin, and false representation of fact under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for substantial and related claims of deceptive trade practices and trademark infringement under R.C. § 4165.02 and Ohio common-law; and for breach of contract.

## PARTIES

1.      Item GmbH is a German corporation with its principal place of business in Solingen, Germany.

2.      Item America is a Maryland limited liability company with its principal place of business located in Hagerstown, Maryland, and is a wholly-owned subsidiary of Item GmbH.

3.      MB Kit Systems, Inc. is a corporation formed under the laws of Ohio with its principal place of business located in Akron, Ohio.

4.      MB Kit Systems, Ltd. is an Ohio limited liability company with its principal place of business located in Akron, Ohio. Upon information and belief, all members of MB Kit Systems, Ltd., are residents of Ohio.

5.      This Court has original subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(b) because Plaintiffs seek relief for trademark infringement, false designation of origin, and false representation of fact under the federal laws of the United States, including the Lanham Act, 15 U.S.C. § 1111 *et seq.* This Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332 because the action arises under the laws of the United States, the plaintiffs are completely diverse from the defendants, and the matter in controversy yields damages in excess of $75,000. Plaintiffs' remaining state law claims are subject to this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) because those claims are substantially related to Plaintiffs' Lanham Act claims and form part of the same case or controversy.

6.      This Court has general personal jurisdiction over the Defendants because both entities maintain their principal places of business within this District. This Court has specific

personal jurisdiction over the Defendants because the events that gave rise to this action occurred within this District.

7.     Venue is proper in this District under 28 U.S.C. § 1391 because the Defendants both reside within this District and a substantial part of the events giving rise to the claims occurred within this District.

## FACTUAL BACKGROUND

**I.     Registration and Protection of the "ITEM Marks."**

8.     Item GmbH is engaged in the business of designing, manufacturing and distributing modular building kits for the construction of industrial applications and workspaces, among other things.

9.     As part of its business, Item GmbH markets and sells its products globally through its own trading branches, its subsidiaries, and independent distribution partners.

10.     In order to protect its brand and reputation, Item GmbH registered the trademark "ITEM" in the United States Patent and Trademark Office ("USPTO") (Reg. No. 1697359, issued on June 30, 1992, and Reg. No. 2290363, issued on Nov. 2, 1999). Additionally, Item GmbH acquired the federal registration of its current service mark "item (stylized)" by assignment dated March 1, 2000 (Reg. No. 1573843, issued on Dec. 26, 1989). Item GmbH also possesses common law rights in these federally-registered marks. These federally-registered marks are referred to collectively as the "ITEM Marks." Trademark registration documents for the ITEM Marks are collectively attached hereto as **Exhibit 1**.

11.     The U.S. registrations for the ITEM Marks have been renewed and are valid and in good standing.

12.     Item GmbH is the owner of all right, title, and interest in and to the ITEM Marks.

13.     Item GmbH has continuously and without interruption used the ITEM Marks in U.S. commerce since at least as early as September 29, 1987, in connection with all of Item's goods and services.

14.     As provided in 15 U.S.C. §§ 1057(b) and 1115(a), the certificates of registration for the ITEM Marks are prima facie evidence of the validity of the ITEM Marks, of Item GmbH's ownership of the ITEM Marks, and of Item GmbH's exclusive right to use the ITEM Marks in connection with its business. *See* **Exhibit 1**.

15.     The ITEM Marks have become incontestable under 15 U.S.C. § 1065.

16.     Purchasers in the industrial and manufacturing fields recognize the ITEM Marks as indicative of Item GmbH as the exclusive source of particular goods and services.

17.     By virtue of its use of the ITEM Marks and variations thereof since at least September 1987, and its marketing efforts and expenditure of considerable sums for promotional activities, Item GmbH has gained a valuable reputation and developed considerable brand recognition in the industrial and manufacturing communities.

18.     In addition to Item GmbH's trademark registrations in the United States, Item GmbH has registered the right to use the ITEM Marks in various countries throughout the world in an effort to maintain its brand and reputation. *See* **Exhibit 2** (listing worldwide registrations of ITEM Marks).

19.     Item GmbH ensures the quality of goods and services sold under the ITEM Marks by instituting stringent quality control processes with its subsidiaries and distributors, including sales and product training for distributors, as well as retention of complete control over the manufacturing and production of goods bearing the ITEM Marks.

II.     **Relationship with MB Kit as an Item Distributor; MB Kit's Prior Knowledge of the ITEM Marks.**

20.     On or about February 14, 1997, Item GmbH entered into a distribution agreement with MB Kit Systems, Ltd., for MB Kit Systems, Ltd., to actively market, distribute and sell Item GmbH's products in North America (the "1997 Agreement").

21.     The 1997 Agreement was terminated on or about February 10, 2007, when Item America entered into a contract with MB Kit Systems, Ltd., for MB Kit Systems, Ltd., to actively market, distribute and sell Item GmbH's products in the states of Ohio, Michigan, Pennsylvania, West Virginia, Kentucky and Indiana (the "Distribution Agreement").[1] A true and accurate copy of the Distribution Agreement, without Annexes, is attached hereto as **Exhibit 3**.[2] The Distribution Agreement had an original term of five years beginning on March 1, 2007.

22.     On or about October 24, 2011, Item America and MB Kit Systems, Inc., renewed the Distribution Agreement for an additional five years beginning on March 1, 2012. The renewal of the Distribution Agreement expired on February 28, 2017. *See* **Exhibit 3**, p. 1.

23.     Regarding the use of the ITEM Marks, the Distribution Agreement stated:

> ***item GmbH remains the exclusive owner of the trade name and trademark "item".*** The registration of any domain name that contains the word "item" by the Distribution Partner shall be subject to the prior written consent of item GmbH or of Item America acting pursuant to authority granted by item GmbH, and ***any such registration shall be terminated and no longer used by the Distribution Partner upon termination or expiration of this Agreement*** except as otherwise provided in clause 5.1.

**Exhibit 3**, Section 2.7 (emphasis added). Additionally, section 5.1 provides:

> The Distribution Partner shall no longer be entitled to use the designation distribution partner of Item America after this Agreement has been terminated.  In

---

[1] Annex 6 to the Distribution Agreement terminated the 1997 Agreement between Item GmbH and MB Kit Systems, Ltd.

[2] Item America was formerly known as item International America, LLC. Item America registered its official name change on June 7, 2012.

5

such case, the Distribution Partner shall without delay and at its own expense have this designation removed from any objects it intends to continue using.  ***In addition, the Distribution Partner shall no longer be entitled to use the trade name or trademark "item" after the termination of this Agreement.***  Neither may it use the designation "previously item".  If requested by Item America, the Distribution Partner shall without undue delay after the termination of this Agreement and at its own expense transfer to Item America or any third party named by it any domain name registered by the Distribution Partner which contains the word "item".

**Exhibit 3**, Section 5.1 (emphasis added).

24.     On or about April 30, 2014, Item GmbH and MB Kit Systems, Inc., entered into an agreement for MB Kit's use of the trade name "Item North America" (the "Name Use Agreement," copy and certified translation attached hereto as **Exhibit 4**).

25.     Pursuant to Section 3.1 of the Name Use Agreement, MB Kit's authorization to use the trade name "Item North America" also expired upon termination/expiration of the Distribution Agreement. *See* **Exhibit 4**.

26.     As a signatory to the Distribution Agreement and a distributor of Item GmbH's products, MB Kit knew that it was not authorized to use the ITEM Marks, Item trade names, or any other Item logos, symbols, content, domain names, or other similar designations of origin or affiliation (collectively "Item Branding") in any capacity after the expiration and/or termination of the Distribution Agreement.

27.     In 2016, Item America and MB Kit were unable to reach an agreement to continue the relationship set forth in the Distributor Agreement. Accordingly, on or about December 13, 2016, Item America informed MB Kit that the Distribution Agreement would not be renewed after its expiration on February 28, 2017. Letter from Philipp Herrmann to Eveline Nordhauss (Dec. 13, 2016), attached hereto as **Exhibit 5**.

28.     In an effort to remind MB Kit of its obligation to discontinue use of the ITEM Marks, Item Branding, and Item trade names after expiration of the Distribution Agreement, the December 13, 2016, letter stated, "As you know, item America and MB Kit Systems have other 'Post-Contractual Obligations' under Section 5 of the Distribution Agreement." *See* **Exhibit 5**.

29.     As a result of Item America's decision not to renew the Distribution Agreement, MB Kit's authorization to use the ITEM Marks, the trade name "Item North America," and the Item Branding expired on February 28, 2017.

30.     On or about February 28, 2017, Item America reminded MB Kit that due to the expiration of the Distribution Agreement, all uses "of the item brand, the brand name item North America, item protected material and promotion of item" needed to cease including, but not limited to, the following non-exhaustive list:

- The following **domains** cannot be linked with the MB Kit Systems Inc. Website: www.itemNA.com, www.itemnorthamerica.com, www.itemAmerica.com. The domains can either be directed to www.item-northamerica.com, or to www.item24.us, or to a blank site. The domains can also not be used for any kind of promotion as part of email addresses (…@itemNA.com).

- Discontinue the use of **pictures, graphics and drawings** created by item in all media channels, business documents, platforms and networks. Immediately in all online media. For printed media change needs to be done for the next production.

- Deleting **videos** created by item or videos with protected item content published in all media channels especially, but not limited, on YouTube.

- **Wording** in all media, business documents, platforms and networks that describes a commercial relationship with item or distribution of components from item needs to be deleted.

- The Section *Linear Actuators, Belt-Driven* in the **Rockwell Automation Encompass Partner Network** needs to be changed. MB Kit is offering Linear Motion Solutions. The linear actuators are products from item and cannot be used as a part of the description. It needs to be sure, that the customer understands, that MB Kit is offering customized linear motion solutions. http://www.ab.com/db/encompass/bps_ext.prod_list_all_regs?x_cat_id=2732&x_co_id=13437

- Discontinue of use of protected and **registered names by item** for instance, but not limited, the word "Ergologistics".

- No promotion of the item and item North America brand as well as domains on any kind of **events**.

- **Sales and training materials** (for example presentations) with media material (pictures, drawings, videos) created and protected by item are not allowed to be used.

*See* **Exhibit 6**, Letter from Item America to Eveline Nordhauss (Feb. 28, 2017) (emphasis in original).

**III.  After Termination of the Distribution Agreement, MB Kit Misrepresents that it Ceased Using the Item MARKS and Item Branding.**

31.     In March 2017, MB Kit confirmed that it had ceased its use of the Item Marks and Item Branding with the exception of the item name logo painted on the roof of MB Kit's facility. MB Kit claimed that the logo could not be removed due to the winter weather in Northern Ohio, but represented that it would be removed once the weather improved.

32.     Relying upon MB Kit's representations that it stopped using the ITEM Marks and Item Branding, Item permitted MB Kit to sell Item's products in a standard customer-supplier capacity, at a discounted rate.

33.     However, notwithstanding MB Kit's knowledge that it was not authorized to use the ITEM Marks or any Item Branding, and representation that it had ceased use of same, MB Kit continued to use the ITEM Marks, Item Branding, and/or Item trade names in connection with the sale of goods and services identical to those provided by Item.

34.     On or about January 8, 2018, Item America informed MB Kit of new, less favorable business terms under which MB Kit could still continue to sell Item's products. Item America requested that MB Kit return various items given by Item America to MB Kit as sales and marketing support including, but not limited to: all Part Manager Dongles for Solid Edge; all

exhibits sent to MB Kit within the past four years; all Item Suitcases; and all Item catalogs and brochures. Letter from Philipp Herrmann to Eveline Nordhauss (Jan. 8, 2018), attached hereto as **Exhibit 7**.

35.     The letter of January 8, 2018, also contained the following statements:

> Furthermore, ***item America LLC reminds MB Kit Systems Inc. to stop the use of the "item" brand and logo, as well as any media (photos, videos, graphics, drawings, sketches) created and owned by the item Industrietechnik GmbH or item America LLC by January 31, 2018.***
>
> For instance, but not limited, at any Rockwell Automation presents or publication, on the MB Kit Systems Inc. web/social media sites and in print media. MB Kit Systems Inc. is also not allowed to re-use any packaging material with the item logo on it.

**Exhibit 7** (emphasis added).

36.     On January 17, 2018, Item and MB Kit conducted a conference call to discuss the terms set forth in Item's January 8 letter. As a result of the discussion, Item America offered MB Kit a chance to receive a 24% discount (22% discount plus 2% discount for early payment) for orders until February 28, 2018, if MB Kit complied with various requirements/conditions. *See* Letter from Philipp Herrmann to Eveline Nordhauss (Jan. 22, 2018), attached as **Exhibit 8**. One condition was "All item content (logo, pictures, drawings, downloads, catalogs, etc.) on the current MB Kit Systems Inc. website need to be eliminated." *Id.*

37.     A few days later, Item America identified at least sixteen instances where Item owned content was still being used by MB Kit. *See* Letter from Philipp Herrmann to Eveline Nordhauss (Jan. 25, 2018), attached hereto as **Exhibit 9**. Item conditioned its discount offer on the elimination of MB Kit's use of this specific content. *Id.* Item reiterated, "In general MB Kit System Inc. is responsible to ensure that all item owned content and logos are eliminated by

January 31, 2018 as communicated in the letter of January 8, 2018." *See id.* (emphasis in original).

38.     On or about January 29, 2018, MB Kit confirmed via email that it had "taken care of" all Item-owned content that was not "in external hands." *See* Email thread attached hereto as **Exhibit 10**.

39.     On or about January 31, 2018, MB Kit again confirmed via email that MB Kit had complied with the removal of the majority of the ITEM Marks and Item Branding noted in Item's January 25, 2018, letter. The supposedly lone exception noted by MB Kit was once again the removal of the ITEM Mark painted on MB Kit's facility roof which could not be repainted due to the weather in Northern Ohio. *See id.*

40.     In reliance upon MB Kit's representation that it had removed and discontinued use of all ITEM Marks and Item Branding, on or about February 4, 2018, Item America confirmed the 24% discount for MB Kit that would be applied in combination with 100% prepayment for Item GmbH products. The discount offer was to expire on February 28, 2018. *See* **Exhibit 10**.

41.     After expiration of the discounted rate, the relationship between Item America and MB Kit deteriorated. On or about August 15, 2018, Item America stopped direct delivery of all Item goods to MB Kit.

42.     After Item America stopped delivering Item goods to MB Kit, Item America discovered that MB Kit was acquiring Item GmbH products through third-party companies and reselling Item GmbH goods without authorization from Item. Upon discovery of MB Kit's purchase of Item GmbH products through third-parties, Item blocked all major known channels for MB Kit to acquire Item GmbH goods through third-parties.

**IV.**   **MB Kit Misappropriates the ITEM Marks and Makes False Designations of Origin in Commerce.**

43.    The above referenced correspondence between MB Kit and Item America from December 2016 through February 2018 confirms that MB Kit knew it was not authorized to use the ITEM Marks, Item trade names, or the Item Branding in any capacity after February 28, 2017.

44.    Despite taking affirmative actions to discontinue MB Kit's use of the ITEM Marks, Item Branding, and Item trade names, on or about March 7, 2019, Item America discovered that MB Kit was distributing business cards with the ITEM Marks to shared potential customers while at a tradeshow in Akron, Ohio.

45.    A picture of the business cards used by MB Kit on or about March 7, 2019, is below:



46.    Also in March 2019, Item America discovered that MB Kit previously provided brochures and advertising materials bearing the ITEM Marks and Item trade names with MB Kit's address to potential customers, as shown below:



47. Despite authorization to use the ITEM Marks, Item Branding, and Item trade names having expired on February 28, 2017, the business cards and brochure clearly show MB Kit's continued and unauthorized use of the "item (stylized)" mark and trade name.

48. Upon information and belief, MB Kit has infringed, and/or continues to infringe, upon the ITEM Marks and/or continues to make false representations of fact and false designations of origin in the following ways:

- MB Kit has informed at least one customer that MB Kit is/was still a seller/distributor of Item GmbH products after termination of the Distribution Agreement;

- MB Kit has filled orders for Item GmbH products with its own products and/or with products from an unknown competitor;

- MB Kit continues to use Item America email addresses to receive and respond to requests from customers for quotes on potential projects;

- MB Kit has failed to inform customers that it no longer supplies Item GmbH products but continues to fill customer orders under the guise of an authorized Item vendor; and

- MB Kit has informed and/or continues to inform customers that place orders for Item GmbH products that the products are backordered because they are having a problem with the supplier (Item).

49.    Through its continued use of the ITEM Marks, Item Branding, and Item trade names in a manner that falsely designates the origin of its goods and misrepresents itself as an authorized Item distributor, MB Kit has infringed upon the federally-registered trademarks of Item GmbH and caused both Item America and Item GmbH to forego economic opportunities that rightfully belonged to them.

## COUNT I: TRADEMARK INFRINGEMENT (LANHAM ACT § 32)
### (Item GmbH v. Defendants)

50.    The allegations of Paragraphs 1 through 49 are incorporated by reference as if fully set forth herein.

51.    MB Kit has engaged in acts of trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

52.    Item GmbH owns and uses its federally-registered ITEM Marks in connection with the advertisement and sale of industrial and manufacturing parts and services throughout the United States and other countries. As properly registered marks, the ITEM Marks are presumptively valid and incontestable.

53.    MB Kit has used the ITEM Marks in commerce throughout the United States to identify the source of goods and services it is selling or offering for sale. The goods and services offered or sold by MB Kit are identical to those provided by Item.

54.    MB Kit's use of the ITEM Marks without Item GmbH's consent is likely to cause confusion in the industry in which both MB Kit and Item GmbH operate.

55.     The ITEM Marks are inherently distinctive in the fields in which both MB Kit and Item GmbH operate, and purchasers recognize the ITEM Marks as an indication that Item GmbH is the exclusive source of the goods and services being purchased. The ITEM Marks are both commercially and conceptually strong and are not descriptive.

56.     MB Kit's use of the ITEM Marks is likely to cause confusion because MB Kit and Item GmbH have the same customer base, directly compete in the same industry, and use the same marketing channels to reach consumers, including trade shows and salespersons.

57.     In appearance, connotation and overall commercial impression, the ITEM Marks used by MB Kit are identical to the ones owned and registered by Item GmbH.

58.     MB Kit's use of the ITEM Marks is not only likely to cause confusion but has also caused actual confusion in the marketplace.

59.     By choosing to use the ITEM Marks in connection with its business despite possessing knowledge that the ITEM Marks are protected, MB Kit intended to create, and actually has created, consumer confusion between itself and Item, as well as its products and Item GmbH's products, with the goal of increasing MB Kit's sales.

60.     Upon information and belief, MB Kit's trademark infringement has been committed intentionally, willfully, knowingly and in bad faith.

61.     As a result of MB Kit's use of the ITEM Marks, the value of Item GmbH's registered ITEM Marks—namely its product identity, its competitive advantage, and the ability to control its goodwill and reputation—has been and is diminished and irreparably harmed.

62.     MB Kit's trademark infringement has damaged, and continues to damage, Item GmbH in an amount not yet capable of being calculated but to be demonstrated at trial.

63.     As a result of MB Kit's violations of the Lanham Act, Item GmbH is entitled to an award of all damages recoverable under 15 U.S.C. § 1117(a), including, but not limited to, MB Kit's profits and/or a reasonably royalty, all damages sustained by Item GmbH, and the costs of this action.

64.     MB Kit's deliberate actions also constitute the exceptional case that warrants an award of reasonable attorneys' fees in Item GmbH's favor.

65.     Item GmbH is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116 because, unless enjoined by this Court, MB Kit will continue to infringe upon the ITEM Marks, thereby causing Item GmbH immediate and irreparable damage for which it has no adequate remedy at law.

### COUNT II: FALSE DESIGNATION OF ORIGIN (LANHAM ACT § 43)
**(Plaintiffs v. Defendants)**

66.     The allegations of Paragraphs 1 through 65 are incorporated by reference as if fully set forth herein.

67.     MB Kit's use of the ITEM Marks and Item Branding, as well as other misconduct described herein, is likely to cause confusion or mistake as to the origin, sponsorship or approval of its goods in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

68.     MB Kit misappropriated the ITEM Marks, Item Branding, and Item trade names in connection with the sale of goods and services identical to those provided by Item GmbH, thus creating a likelihood of confusion in the consuming public as to the origin of MB Kit's goods and services. By using the ITEM Marks, Item Branding, and Item trade names in conjunction with processing orders for customers located in various states, MB Kit's actions have had a substantial effect on U.S. interstate commerce.

69.     MB Kit's misrepresentations and use of the ITEM Marks, Item Branding, and Item trade names are likely to cause, and have already caused, confusion, mistake, or deception as to the origin, affiliation, connection, sponsorship or approval of MB Kit's goods and services by Item.

70.     MB Kit's use of the ITEM Marks, Item Branding, and Item trade names in its advertising and promotions misrepresents the nature, characteristics, and qualities of its goods and services.

71.     MB Kit's unfair competition and unauthorized use of the ITEM Marks, Item Branding, and Item trade names have damaged, and are likely to continue damaging, Item GmbH in an amount not yet capable of being calculated but to be demonstrated at trial. Item GmbH's damages include, but are not limited to, loss of potential sales and competitive injury to Item GmbH's goodwill and reputation.

72.     As a result of MB Kit's unfair competition and unauthorized use of the ITEM Marks, Item Branding, and Item trade names, Item GmbH is entitled to an award of all damages recoverable under 15 U.S.C. § 1117(a), including, but not limited to, MB Kit's profits and/or a reasonably royalty, all damages sustained by Item GmbH, and the costs of this action.

73.     MB Kit's deliberate actions also constitute the exceptional case that warrants an award of reasonable attorneys' fees in Item GmbH's favor.

74.     Item GmbH is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116 because, unless enjoined by this Court, MB Kit will continue to improperly use the ITEM Marks, Item Branding, and Item trade names thereby causing Item GmbH immediate and irreparable damage for which it has no adequate remedy at law.

## COUNT III: VIOLATION OF OHIO DECEPTIVE
## TRADE PRACTICES ACT (R.C. § 4165.02)
### (Plaintiffs v. Defendants)

75.     The allegations of Paragraphs 1 through 74 are incorporated by reference as if fully set forth herein.

76.     MB Kit has engaged in deceptive trade practices in violation of the Ohio Deceptive Trade Practices Act, R.C. § 4165.01–.04.

77.     MB Kit's unauthorized use of the ITEM Marks, Item Branding, and Item trade names in connection with its business has caused likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of its goods or services by Item GmbH in violation of R.C. § 4165.02(A)(2).

78.      MB Kit's unauthorized use of the ITEM Marks, Item Branding, and Item trade names in connection with its business has also caused likelihood of confusion or misunderstanding as to its affiliation, connection, or association with, or certification by, Item GmbH in violation of R.C. § 4165.02(A)(3).

79.     Through its use of the ITEM Marks, Item Branding, and Item trade names, MB Kit has falsely represented that it has sponsorship, approval, status, affiliation and/or connection with Item GmbH in violation of R.C. § 4165.02(A)(7).

80.      MB Kit's deceptive trade practices have damaged, and are likely to continue damaging, Item GmbH in an amount not yet capable of being calculated but to be demonstrated at trial. Item GmbH's damages include, but are not limited to, loss of potential sales and competitive injury to Item GmbH's goodwill and reputation.

81.     Due to the damage caused by, or likely to be caused by, MB Kit's actions, Item GmbH is entitled to injunctive relief as prescribed by R.C. § 4165.03(A)(1).

82.     Upon information and belief, MB Kit willfully and intentionally engaged in deceptive trade practices with the intention of causing confusion such that an award of reasonable attorneys' fees in Item GmbH's favor is warranted in this case.

### COUNT IV: TRADEMARK INFRINGEMENT/UNFAIR COMPETITION (OHIO COMMON-LAW)
**(Plaintiffs v. Defendants)**

83.     The allegations of Paragraphs 1 through 82 are incorporated by reference as if fully set forth herein.

84.     MB Kit, through the misconduct and violations described above, has engaged in trademark infringement and unfair competition against Item GmbH in violation of Ohio common-law.

85.     Item GmbH owns and uses its federally-registered ITEM Marks in connection with the advertisement and sale of industrial and manufacturing parts and services throughout the United States and other countries. As properly registered marks, the ITEM Marks are presumptively valid and incontestable.

86.     MB Kit has used the ITEM Marks throughout the United States in connection with the sale of goods and services that are identical to those provided by Item.

87.     MB Kit's use of the ITEM Marks without Item GmbH's consent is likely to cause confusion in the industry in which both MB Kit and Item GmbH operate.

88.     The ITEM Marks are inherently distinctive in the fields in which both MB Kit and Item GmbH operate, and purchasers recognize the ITEM Marks as an indication that Item GmbH is the source of the goods and services which are being purchased. The ITEM Marks are both commercially and conceptually strong and are not descriptive.

89. MB Kit's use of the ITEM Marks is likely to cause confusion because MB Kit and Item GmbH have the same customer base, directly compete in the same industry, and use the same marketing channels to reach consumers, including trade shows and salespersons.

90. In appearance, connotation and overall commercial impression, the ITEM Marks used by MB Kit are identical to the ones owned and registered by Item GmbH.

91. MB Kit's use of the ITEM Marks is not only likely to cause confusion but has also caused actual confusion in the marketplace.

92. By choosing to use the ITEM Marks in connection with its business despite possessing knowledge that the ITEM Marks are protected, MB Kit intended to create confusion, and actually has created confusion, between itself and Item, as well as its products and Item GmbH's products, with the goal of increasing MB Kit's sales.

93. Upon information and belief, MB Kit's acts which constitute trademark infringement have been committed knowingly and in bad faith.

94. As a result of MB Kit's use of the ITEM Marks, the value of Item GmbH's registered ITEM Marks—namely its product identity, its competitive advantage, and the ability to control its goodwill and reputation—has been and is diminished and irreparably harmed.

95. MB Kit's trademark infringement has damaged, and continues to damage, Item GmbH in an amount not yet capable of being calculated but to be demonstrated at trial.

96. MB Kit's infringement upon the ITEM Marks and unfair competition has damaged, and is likely to continue damaging, Item GmbH in an amount not yet capable of being calculated but to be demonstrated at trial.

97. Item GmbH is also entitled to injunctive relief because, unless enjoined by this Court, MB Kit will continue to infringe upon the ITEM Marks and unfairly compete with Item

GmbH, thereby causing Item GmbH immediate and irreparable damage for which it has no adequate remedy at law.

## COUNT V: BREACH OF CONTRACT
### (Item America v. Defendants)

98.     The allegations of Paragraphs 1 through 97 are incorporated by reference as if fully set forth herein.

99.     Item America and MB Kit Systems, Ltd., entered into a binding and enforceable contract, the Distribution Agreement.

100.    Through its execution of the extension of the Distribution Agreement, MB Kit Systems, Inc., became a party to the Distribution Agreement, and all terms and conditions of the Distribution Agreement became binding and enforceable upon MB Kit Systems, Inc.

101.    Pursuant to the plain language of the Distribution Agreement and the extension to the Distribution Agreement, Sections 2.7 and 5.1 survive any termination or expiration of the Distribution Agreement.

102.    As a signatory to the Distribution Agreement and the extension to the Distribution Agreement, MB Kit agreed to abide by all the terms and conditions of these contracts.

103.    Prior to its termination, Item America fulfilled all necessary contractual obligations under the terms of the Distribution Agreement.

104.    Despite Item America fulfilling all of its contractual obligations, MB Kit breached Sections 2.7 and 5.1 of the Distribution Agreement, without legal excuse, by continuing to use the ITEM Marks, Item Branding, and Item trade names after the termination of the Distribution Agreement.

105.    As a result of MB Kit's breaches, Item America has been damaged in an amount not yet capable of being calculated but to be demonstrated at trial.

20

**WHEREFORE**, Plaintiffs, item Industrietechnik GmbH and item America LLC, by counsel, request the entry of judgment against Defendants, MB Kit Systems, Ltd., and MB Kit Systems, Inc., and requests the following relief:

A.     Judgment that the Defendants have infringed on Item GmbH's registered ITEM Marks under § 32(1) of the Lanham Act (15 U.S.C. § 1114) and at common-law;

B.     Judgment that the Defendants have unfairly competed with Item GmbH under § 43(a)(1) of the Lanham Act (15 U.S.C. § 1125(a)(1)) and at common-law;

C.     Pursuant to § 34 of the Lanham Act (15 U.S.C. § 1116), that the Defendants be preliminarily and permanently restrained and enjoined from:

     i.     Using Item GmbH's registered ITEM Marks and/or any other mark, name, designation or likeness that incorporates the ITEM Marks or is likely to be confusingly similar to the ITEM Marks;

     ii.     Otherwise infringing upon the ITEM Marks;

     iii.     Using domain names, email addresses, or other means of electronic communication and advertising that incorporate the ITEM Marks, designations, trade names, or other confusingly similar designations; and

     iv.     Unfairly competing with Item GmbH or Item America;

D.     Pursuant to § 36 of the Lanham Act (15 U.S.C. § 1118), that the Defendants be ordered to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the ITEM Marks, or any designation, description, or representation that is similar to the ITEM Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

E.      An award of all damages recoverable under Section 35 of the Lanham Act (15 U.S.C. § 1117) including, but not limited to, the Defendants' profits, a reasonable royalty, all actual damages sustained by Item GmbH and Item America, treble profits and damages, reasonable attorneys' fees and the costs associated with this action;

F.      An accounting of the Defendants' profits under Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      An award of all damages recoverable under R.C. § 4165.03 and Ohio common-law, including punitive damages; and

H.      Such other and further equitable and legal relief as the Court deems appropriate.

Respectfully submitted,

/s/ Kip T. Bollin
Kip T. Bollin (0065275)
Melissa Barrett (0096882)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, OH 44114
Phone: (216) 566-5500
Fax: (216) 566-5800
Email: kip.bollin@thompsonhine.com
melissa.barrett@thompsonhine.com

Jesse Jenike-Godshalk (0087964)
**THOMPSON HINE LLP**
312 Walnut Street
14th Floor
Cincinnati, OH 45202-4089
Phone: (513) 352-6702
Fax: (513) 241-4771
Email: jesse.jenike-godshalk@thompsonhine.com

Laura Golden Liff *(Pro Hac Vice pending)*
Jeremy L. Baker  *(Pro Hac Vice pending)*
**MILES & STOCKBRIDGE P.C.**
1751 Pinnacle Drive, Suite 1500
Tysons Corner, VA  22102
Phone:  703-903-9000
Fax:  703-610-8686
lliff@milesstockbridge.com
jbaker@milesstockbridge.com

*and*

Karl W. Means  *(Pro Hac Vice pending)*
**MILES & STOCKBRIDGE P.C.**
1500 K Street, NW, Suite 800
Washington, DC  20005-1209
Phone:  202-737-9600
Fax:  410-698-4490
kmeans@milesstockbridge.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ITEM INDUSTRIETECHNIK GMBH, | ) | Case No. _____ |
| | ) | |
| and | ) | Hon. Judge _____ |
| | ) | |
| ITEM AMERICA LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MB KIT SYSTEMS, INC., | ) | |
| d/b/a ITEM NORTH AMERICA | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MB KIT SYSTEMS, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Philipp Herrmann, CFO and Executive Vice President of Sales and Marketing for item America LLC, declare under penalty of perjury under the laws of the United States that I have reviewed the foregoing Verified Complaint and that I have personal knowledge of the facts recited therein, and/or have reviewed documents related to the facts alleged, and/or have obtained information from persons at item Industrietechnik GmbH and/or item America LLC with personal knowledge. The information stated in the Verified Complaint as factual is true, and those factual matters which are stated on information and belief are believed to be true.

Executed on this 22nd day of April, 2019.

Philipp Herrmann,
CFO and Executive VP of Marketing
& Sales, item America LLC